UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
DERRICK THOMPSON, *pro se*,                    :
                                                :           **SUMMARY ORDER**
                       Petitioner,     :           14-CV-1641(DLI)
                                                :
     -against-                             :
                                                :
PATRICK GRIFFIN, Superintendent,                :
Sullivan Correctional Facility,                 :
                                                :
                       Respondent.     :
-------------------------------------------------------------------x
**DORA L. IRIZARRY, United States District Judge:**

*Pro se*[1] petitioner Derrick Thompson ("Petitioner") seeks a stay and abeyance of this habeas corpus proceeding made pursuant to 28 U.S.C. § 2254 in order to exhaust "unresolved issues." (Pet'r's Letter Seeking Stay ("Pet'r's Ltr."), Dkt. Entry No. 5.) Respondent objects. (Resp.'s Opp'n to Pet'r's Ltr. ("Resp.'s Opp'n"), Dkt. Entry No. 7.) For the reasons set forth below, Petitioner's motion is denied.

## BACKGROUND

On May 10, 2010, Petitioner was convicted of burglary and grand larceny. (*See* Petition ("Pet."), Dkt. Entry No. 1 at 1.) On May 19, 2010, Petitioner was sentenced as a mandatory persistent violent felony offender to concurrent indeterminate prison sentences of twenty years to life on his burglary conviction and two to four years for the grand larceny conviction. (Resp.'s Opp'n at 1.) Petitioner unsuccessfully challenged his conviction and sentence through direct and collateral appeals. (*See id.* at 1-2.) On March 11, 2014, Petitioner filed the instant action

---

[1] *Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation omitted). Courts should "interpret [such papers] to raise the strongest arguments that they suggest." *Forsyth v. Fed'n Emp't & Guidance Serv.*, 409 F.3d 565, 569 (2d Cir. 2005) (citation and internal quotation marks omitted). Though a court need not act as an advocate for *pro se* litigants, in such cases there is a "greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done." *Davis v. Kelly*, 160 F.3d 917, 922 (2d Cir. 1998) (citation omitted).

seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently, Petitioner seeks a stay of this action to exhaust "unresolved issues." (Pet'r's Ltr. at 1.)

## DISCUSSION

The court may stay a habeas petition and hold it in abeyance to allow the petitioner to exhaust his unexhausted claims in state court "only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277.

The good cause requirement is not met in this case. Petitioner has not provided the Court with any explanation as to why he failed to exhaust his claims in state court prior to the commencement of this action. (*See* Pet'r's Ltr.) Indeed, Petitioner does not provide the Court with any information as to the factual or legal grounds of the claims he intends to exhaust. (*See id.*) Under these circumstances, the Court is unable to detect any good cause for Petitioner's delay. This lack of good cause alone prevents the Court from granting Petitioner's motion, and accordingly, there is no need for the Court to determine the merits of Petitioner's unexhausted, unspecified claim. *See Rhines*, 544 U.S. at 277-78; *Spurgeon v. Lee*, 2011 WL 1303315, at *2-3 (E.D.N.Y. Mar. 31, 2011).

## CONCLUSION

For the reasons discussed above, Petitioner's motion for stay is denied. Petitioner is denied a certificate of appealability as he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       March 3, 2015

                                              /s/
                                    DORA L. IRIZARRY
                                 United States District Judge