UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DERRICK THOMPSON, *pro se*,

                           Petitioner,

               -against-

PATRICK GRIFFIN, Superintendent,
Sullivan Correctional Facility,

                           Respondent.
-----------------------------------------------------------------x

**MEMORANDUM & ORDER**
14-CV-1641 (DLI)

**DORA L. IRIZARRY, Chief United States District Judge:**

*Pro se* petitioner Derrick Thompson ("Petitioner") seeks to amend his habeas corpus petition filed pursuant to 28 U.S.C. § 2254 to include claims made in: (1) his petition for a writ of error *coram nobis*, (2) his third and fourth § 440.10 motions to vacate his conviction, and (3) his motion for reconsideration of the 2012 decision of the New York State Supreme Court Appellate Division, Second Department ("Appellate Division"), affirming his conviction. (*See* Pet'r's Letter Requesting Leave to Amend and Seeking Stay ("Pet'r's Ltr. 1"), Dkt. Entry No. 36 at 1; Pet'r's Letter Requesting Stay ("Pet'r's Ltr. 2"), Dkt. Entry No. 43 at 1; Pet'r's Letter Seeking Permission to Add to his Federal Petition ("Pet'r's Ltr. 3"), Dkt. Entry No. 45). Petitioner also moves to stay these proceedings in order to file a habeas corpus petition in state court on the grounds that he was denied his right to a speedy trial.[1] (Pet'r's Ltr. 2 at 1.) Petitioner further requests that the Court order the Clerk of the Court, Queens County, to provide him with discovery in support of his speedy trial claim. (*See* Pet.'r's Letter Requesting the Court Intervene ("Discovery Request"), Dkt. Entry No. 44.) Respondent objects in part. (Resp.'s Opp'n to Pet'r's Ltr. ("Resp.'s Opp'n"), Dkt. Entry. No. 38 at 1.) For the reasons set forth

---

[1] Petitioner previously moved to stay these proceedings in order to pursue his fourth § 440.10 motion to vacate his conviction. (Pet'r's Ltr. 1 at 1.) This request is now moot, as those state court proceedings have been exhausted. (Pet'r's Ltr. 2 at 1.)

1

below, Petitioner's motion to amend is granted in part and denied in part, Petitioner's motion to stay is denied, and Petitioner's request for discovery is denied.

## BACKGROUND

On May 10, 2010, Petitioner was convicted of burglary and grand larceny in New York State Supreme Court, Queens County. (*See* Petition ("Pet."), Dkt. Entry No. 1 at 1.) On May 19, 2010, Petitioner was sentenced as a mandatory persistent violent felony offender to concurrent indeterminate prison sentences of twenty years to life on the burglary conviction and two to four years on the grand larceny conviction. (Resp.'s Opp'n at 1.) Petitioner unsuccessfully challenged his conviction and sentence through direct and collateral appeals. (*Id.* at 1-2; *See People v. Thompson*, 99 A.D.3d 819 (2d Dept. 2012); *People v. Thompson*, 20 N.Y.3d 989 (2012); *People v. Thompson*, 125 A.D.3d 1013 (2d Dept. 2015); *People v. Thompson*, 25 N.Y.3d 1208 (2015).) On March 3, 2015, this Court denied Petitioner's first motion to stay these proceedings, holding that he failed to establish good cause. (Order Dated Mar. 3, 2015, Dkt. Entry No. 23.) Presently, Petitioner seeks to amend his petition to include claims pursued in collateral proceedings in state court, to stay these proceedings to pursue an additional claim in state court, and to obtain discovery. (Pet'r's Ltr. 1 at 1; Pet'r's Ltr. 2 at 1; Discovery Request at 1.)

## DISCUSSION

### I. Petitioner's Motion to Amend

Petitioner has moved to amend his petition to include the claims brought in his petition for a writ of error *coram nobis*, motion for reconsideration, and third and fourth § 440.10 motions to vacate his conviction. (Pet'r's Ltr. 1 at 1; Pet'r's Ltr. 2 at 1.)

Petitioner's *coram nobis* petition was filed before the one-year statute of limitations on habeas petitions expired, tolling the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). Petitioner

2

moved to amend his habeas petition to include these claims after the Appellate Division denied his motion (*See People v. Thompson*, 125 A.D.3d 1013 (2d Dept. 2015)), but while his motion for leave to appeal was still pending before the New York State Court of Appeals. (Pet'r's Motion to Amend, Dkt. Entry No. 24 at 1.) The government opposed the motion for leave to amend on the grounds that the claims were not yet exhausted. (Resp.'s Opp'n to Motion to Amend, Dkt. Entry No. 25.) Shortly thereafter, the Court of Appeals denied leave to appeal. (Resp.'s Letter, Dkt. Entry No. 28; *See People v. Thompson*, 25 N.Y.3d 1208 (2015).) While Petitioner never filed a new motion to amend, his original motion was not resolved. Respondent does not oppose this section of Petitioner's motion to amend. (Resp.'s Opp'n at 1.)

As Petitioner's motion to amend was filed within the one-year statute of limitations, and the claims in his *coram nobis* petition were fully exhausted within this period, the Court will consider all claims raised and exhausted in the state *coram nobis* proceedings.

However, the rest of Petitioner's motion to amend falls outside the one-year statute of limitations, and amendment is permitted only if those claims relate back to the original petition. *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804 (2d Cir. 2000). The original petition and the new claims must "have a common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 664 (2005).

The new claims Petitioner seeks to bring as part of an amended petition are that: (1) trial counsel failed to investigate the government's claim that it had probable cause to test Petitioner's DNA; (2) trial counsel failed to object to the government's "untimely" motion for DNA testing; (3) the Appellate Division improperly affirmed Petitioner's conviction despite a violation of his Confrontation Clause rights; (4) Petitioner's conviction was based on unreliable DNA samples; (5) the trial court failed to hold a *Frye* hearing regarding the DNA testing procedures used; and (6) the government violated Petitioner's right to a speedy trial when it waited until nine months

after his arraignment to request a DNA test. (Pet'r's § 440.10 Br. ("§ 440.10 Br."), Dkt. Entry No. 40 at 5-14.)

With the exception of the Confrontation Clause argument, none of these claims have a common core of operative facts with the original petition. The ineffective assistance claims have an entirely different basis from those brought in the original petition (*See* Pet. Exhibit 1, Dkt. Entry No. 1-3 at 143-46), and the other new claims are completely unrelated. (*See generally*, Pet.)

Petitioner brought a similar Confrontation Clause claim in the original petition, arguing that his right to confrontation was violated when the government introduced DNA evidence without making the original technicians available for cross-examination. (*Id.* at 133–137.) However, it appears that the new claim is based on *People v. John*, 27 N.Y.3d 294 (2016), a recent New York Court of Appeals case. (§ 440.10 Br. at 9.) Putting aside the issue of whether a new state court case decided long after Petitioner's trial and appeal could be applied retroactively, this claim has a different basis from that in the original petition. It differs "in time and type" from the original claim and, thus, does not relate back for the purpose of amendment. *See Mayle*, 545 U.S. at 567.

**II. Petitioner's Motion to Stay**

A district court may stay a habeas petition and hold it in abeyance to allow the petitioner to exhaust his unexhausted claims in state court "only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277.

4

On July 27, 2017, Petitioner requested that this Court stay this habeas proceeding so that he could pursue habeas corpus proceedings in state court on the grounds that he was denied the right to a speedy trial. (Pet'r's Ltr. 2 at 1.) This was an issue readily discernible from the record that could have been raised on direct appeal but, inexplicably, was not. As with his previous motion to stay, Petitioner has failed to establish good cause for his failure to exhaust this claim in state court. *See Rhines*, 544 U.S. at 277 (2005). Accordingly, Petitioner's motion to stay is denied.

### III. Petitioner's Discovery Request

Petitioner seeks to obtain documents to support his speedy trial and due process claims. Federal Habeas Practice and Procedure Rule 6 states that (a) a judge may, for good cause, authorize a party to conduct discovery, and (b) a party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents. In *Harris v. Nelson*, 394 U.S. 286, 300 (1969), the Supreme Court held that, "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry."

Petitioner has not shown good cause and his claim is too speculative. Petitioner offers no evidence or allegations that supports his claim that he was denied a speedy trial and that his right to due process has been violated. Additionally, Petitioner did not provide proposed interrogatories and requests for admission. *See also Bracy v. Gramley*, 520 U.S. 899, 908-909 (1997) (holding that a petitioner had shown good cause because he made specific allegations that tended to support his claim that his right to due process was violated).

## CONCLUSION

For the reasons discussed above, Petitioner's motion to amend is granted only to the extent that he may include the claims he raised in his initial *coram nobis* petition. Petitioner shall file his amended petition NO LATER THAN APRIL 30, 2018. Petitioner's motion for a stay of these proceedings and for discovery is denied. Petitioner is denied a certificate of appealability as he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, in forma pauperis status is denied for purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      March 30, 2018

                                            /s/
                                DORA L. IRIZARRY
                                  Chief Judge