```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
DERRICK THOMPSON, pro se,                    :
                                             :          **MEMORANDUM AND ORDER**
                              Petitioner,    :          14-CV-1641(DLI)
                                             :
         -against-                           :
                                             :
PATRICK GRIFFIN, Superintendent,             :
Sullivan Correctional Facility,              :
                                             :
                              Respondent.    :
----------------------------------------------------------------x
```
**DORA L. IRIZARRY, United States District Judge:**

On March 11, 2014, *pro se*[1] petitioner Derrick Thompson ("Petitioner"), currently incarcerated at Eastern New York Correctional Facility in Napanoch, NY, filed a petition ("Petition") seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pet., Dkt. Entry No. 1. The Queens County District Attorney, as counsel for Respondent, opposed the Petition on July 18, 2014. Mem. of Law in Opp. to Pet. ("Opp. to Pet."), Dkt. Entry No. 15. With leave from the Court, *see Thompson v. Griffin*, 2018 WL 1598607 (E.D.N.Y. Mar. 30, 2018), Petitioner filed an amended petition ("Amended Petition") on June 7, 2018. Am. Pet., Dkt. Entry No. 49. Respondent opposed the Amended Petition on August 2, 2018. Mem. in Opp. to Am. Pet. ("Opp. to Am. Pet."), Dkt. Entry No. 51. Petitioner replied on October 5, 2018. Reply, Dkt. Entry No. 56. For the reasons set forth below, the Amended Petition is denied in its entirety.

---

[1] In reviewing Petitioner's motion, the Court is mindful that, "[a] document filed *pro se* is to be liberally construed . . . and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Accordingly, the Court interprets the Petition "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citation omitted).

## BACKGROUND

### I. Pre-Trial Litigation

As set forth in greater detail below, a Queens County, New York grand jury indicted Petitioner for Burglary in the Second Degree (N.Y. Penal Law § 140.25[2]) and Larceny in the Third Degree (N.Y. Penal Law § 155.35[1]). Prior to his trial, the trial judge conducted a hearing regarding the admissibility of Petitioner's prior convictions pursuant to *People v. Sandoval*, 34 N.Y.2d 371 (1974) (the "Sandoval Hearing"), in the event that Petitioner elected to testify at trial. (*See* Apr. 28, 2010 Sandoval Hearing Transcript ("Sandoval Hr'g Tr."), Dkt. Entry No. 15-5). The trial judge ruled that the prosecutor could cross-examine Petitioner regarding the facts and nature of two prior second degree burglary convictions, a criminal trespass conviction, and two prior convictions for criminal possession of stolen property. (Sandoval Hr'g Tr. at 11-14). Additionally, the trial judge ruled that the prosecutor could inquire as to the offense level of Petitioner's two prior misdemeanor drug possession offenses, and felony assault conviction, as well as his use of an alias. (Sandoval Hr'g Tr. at 12-14). The trial judge prohibited the prosecutor from asking about Petitioner's prior convictions for harassment and aggravated unlicensed operation of a motor vehicle, as well as four prior felony convictions and two prior misdemeanor convictions that occurred prior to 1988, two of which were for burglary. (Sandoval Hr'g Tr. at 12-14).

### II. The Case Against Petitioner

The evidence adduced at trial showed that, on April 7, 2006, Petitioner entered Doolarie Sooklall's ("Sooklall") home (the "Sooklall Home") and absconded with jewelry, electronics, passports, a bicycle, and $1,200 in cash. (Transcript of Petitioner's May 3-5, 2010 Jury Trial ("Tr.") at 205, 208-10, 212-17; Dkt. Entry Nos. 15-5, 15-6, 15-7). While this was going on, Sooklall was cleaning the basement of the Sooklall Home, and two elderly relatives watched

television on the first floor. (Tr. 192-93). At approximately three o'clock in the afternoon, one of Sooklall's relatives discovered that the burglary had occurred as she noticed that a third floor bedroom door had been forced open and the home had been ransacked. (Tr.195-201). Sooklall and her relatives found blood on the broken door and a nearby wall. (Tr. 195-201). They reported the incident to the New York City Police Department ("NYPD"). (Tr. 202, 251).

In connection with the NYPD's investigation, Officer Michael Sznurkowski dusted the home for fingerprints and took a sample of the blood on the door and wall. (Tr. 225, 261, 266-68, 272). Criminologists determined that the blood was consistent with a DNA profile in the New York State Database for Petitioner. (Tr. 305-10, 366-69, 372-74, 378). During the investigation, Maryam Lipansky, the assistant district attorney assigned to the investigation, obtained a court order requiring Petitioner to provide a DNA sample for analysis. (Tr. 347-49). Petitioner refused to comply with the court order and, subsequently, Lipansky obtained an order authorizing the NYPD to use force to obtain the sample. (Tr. 349-50). Petitioner's attorney declined to be present during the execution of the order. (Tr. 349-51). On June 5, 2008, NYPD Detective John Hachadoorian attempted to swab Petitioner's mouth for DNA analysis. Petitioner refused and bit the swab, depositing his blood on the swab sticks. (Tr. 319-25). The testing of the blood on the swab sticks confirmed that Petitioner's blood was in the Sooklall Home. (Tr. 366-69)

At trial, Petitioner called NYPD Detective Daniel Svenelid ("Detective Svenelid") as a witness. (Tr. 383-88). Detective Svenelid testified that, shortly after Petitioner's arrest, he placed a photograph of another individual, Andrew Scott ("Scott"), in the investigation file. (Tr. 386). However, Detective Svenelid said that there was no evidence or legal basis to arrest Scott in connection with the burglary at the Sooklall Home. (Tr. 387). Petitioner did not testify.

The jury convicted Petitioner of Burglary in the Second Degree (N.Y. Penal Law § 140.25[2]) and Larceny in the Third Degree (N.Y. Penal Law § 155.35). (Tr. 439-40). Petitioner moved to set aside the verdict, which motion the trial judge denied. (Tr. 390). On May 19, 2010, the trial judge sentenced Petitioner as a mandatory persistent violent felony offender to concurrent indeterminate prison sentences of twenty years to life on the burglary conviction and two to four years on the grand larceny conviction. (May 19, 2010 Sentencing Transcript ("Sent'g Tr.") at 2-3, 14, Dkt. Entry No. 15-7). Petitioner remains incarcerated pursuant to the sentence.

### III. Post-Conviction Litigation

#### A. Direct Appeal

Petitioner's counsel appealed the conviction on the ground that the trial judge's rulings at the Sandoval Hearing deprived Petitioner of his rights to due process and a fair trial in violation of the due process clause of the Fourteenth Amendment. (*See* Petitioner's Appellate Brief ("Pet'r's App. Br."), at 12-19, Dkt. Entry No. 15-2). Petitioner also contended that the prosecutor's summation improperly shifted the burden of proof to Petitioner and improperly vouched for a witness' credibility, in violation of due process clause of the Fourteenth Amendment. (Pet'r's App. Br. at 20-25). In a *pro se* supplemental appeal, Petitioner sought reversal on the additional grounds that: (1) the verdict was against the weight of the evidence and the prosecutor failed to establish every element of the crimes charged beyond a reasonable doubt; (2) the prosecutor's summation violated the due process clause of the Fourteenth Amendment; (3) the admission of the laboratory tests of the DNA samples without examination of the lab technicians who performed the analysis violated his right to confront witnesses, in violation of the Sixth Amendment; (4) ineffective assistance of trial counsel, in violation of the Sixth Amendment; and (5) improper

4

jury instructions, in violation of the due process clause of the Fourteenth Amendment. (*See generally* Petitioner's *Pro Se* Appellate Brief ("Pet'r's Pro Se App. Br."); Dkt. Entry No. 15-3).

The Appellate Division, Second Department ("Appellate Division"), denied the appeal and affirmed Petitioner's conviction and sentence. *See People v. Thompson*, 99 A.D.3d 819 (2d Dep't 2012). The court rejected Petitioner's *Sandoval* claim as "without merit." *Id*. at 819. The court also held that Petitioner's claims regarding the prosecutor's summation comments were "unpreserved for appellate review," citing New York Criminal Procedure Law § 470.05[2]. *Id*. The court further held that, "although the defendant correctly contends that some of the prosecutor's comments impermissibly shifted the burden of proof to the [Petitioner], this error was harmless, as the evidence of the [Petitioner's] guilt was overwhelming and there was no reasonable possibility that [the prosecutor's] comments might have contributed to the [Petitioner's] conviction. *Id*. (citations omitted).

The Appellate Division also rejected the grounds for reversal asserted in Petitioner's *pro se* appellate brief. The court held that Petitioner's claim that the evidence was insufficient was "unpreserved for appellate review," citing New York Criminal Procedure Law § 470.05[2]. *Id*. at 820. However, the court noted that the evidence was "legally sufficient to establish the [Petitioner's] guilt beyond a reasonable doubt," and the court was "satisfied that the verdict of guilt was not against the weight of the evidence." *Id*. With respect to Petitioner's Confrontation Clause claim, the court held that his claim was "unpreserved for appellate review and, in any event, without merit." *Id*. With respect to Petitioner's challenge to the jury charge, the court held that the claim was "unpreserved for appellate review," citing New York Criminal Procedure Law § 470.05[2], and, "[i]n any event, the court properly charged the jury." *Id*. Finally, with respect to Petitioner's ineffective assistance of counsel claim, the court noted that his claim was "based, in

5

part, on matter appearing on the record and, in part, on matter outside the record." *Id*. In rejecting his claim, the court held that "it [was] not evident from the matter appearing on the record that the [Petitioner] was deprived of the effective assistance of counsel." *Id*. Furthermore, the court held that, "[s]ince the [Petitioner's] claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL § 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety." *Id*.

The New York State Court of Appeals denied leave to appeal the Appellate Division affirmance of Petitioner's conviction on December 13, 2012. *See People v. Thompson*, 20 N.Y.3d 989 (2012).

### B. Collateral Appeals

Petitioner filed three motions to vacate his judgment. On August 9, 2011, he filed a N.Y. Criminal Procedure Law § 440.10 motion to vacate his conviction, alleging: (1) the prosecutor withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and *People v. Rosario*, 9 N.Y.2d 286 (1961) and (2) ineffective assistance of counsel. (*See* Petitioner's Aug. 9, 2011 Motion to Vacate ("8/9/11 § 440 Mot."), Dkt. Entry No. 15-1). On November 16, 2011, the trial court denied Petitioner's motion, holding that Petitioner's *Brady* and *Rosario* claims were without merit and that Petitioner failed to establish that he received ineffective assistance of counsel. (*See People v. Thompson*, Indict. No. 347-07 (Queens Co. Crim. Term Nov. 16, 2011), Dkt. Entry No. 15-1). The Appellate Division denied leave to appeal. (*See People v. Thompson*, Indict. No. 347-07, 2011-11898 (2d Dep't Feb. 28, 2012), Dkt. Entry No. 15-1). On August 29, 2011, Petitioner moved to resettle the grand jury record, which the trial court denied on November 16, 2011. (*See People v. Thompson*, Indict. No. 347-07 (Queens Co. Crim. Term Nov. 16, 2011), Dkt. Entry No. 15-2).

Petitioner also filed a motion to set aside his sentence under N.Y. Criminal Procedure Law § 440.20. (*See* Petitioner's Motion to Set Aside Sentence, Dkt. Entry No. 15-3). The trial court denied Petitioner's motion to set aside his sentence on July 25, 2012, holding that Petitioner's claims were not cognizable and, in any event, meritless. (*See People v. Thompson*, Indict. No. 347-07 (Queens Co. Crim. Term July 25, 2011), Dkt. Entry No. 15-4). The Appellate Division denied leave to appeal. (*See People v. Thompson*, Indict. No. 347-07, 2012-8222 (2d Dep't Nov. 29, 2012), Dkt. Entry No. 15-4).

## IV. The Instant Proceeding

### A. The Petition

Petitioner filed the first Petition in this Court on March 11, 2014 seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raised the following claims in his first Petition: (1) the trial court erred in its *Sandoval* Hearing; (2) the prosecutor's summation improperly shifted the burden of proof to Petitioner and vouched for the credibility of a witness, in violation of his due process rights; (3) the jury instructions, which contained the word "must," violated the due process clause; (4) Petitioner was denied the ability to confront the lab technician that conducted the tests of his blood sample when the supervising criminologist testified, in violation of the Sixth Amendment right to confront witnesses; (5) the verdict was against the weight of the evidence and the evidence was insufficient as a matter of law (6) Petitioner's trial counsel was ineffective. *See generally,* Pet.

### B. The Amended Petition

While the Petition was pending in this Court, Petitioner sought a writ of error *coram nobis* asserting ineffective assistance of appellate counsel, which was denied by the Appellate Division on February 25, 2015. *See People v. Thompson*, 125 A.D.3d 1013 (2d Dep't 2015) (citing *Jones*

7

*v. Barnes*, 463 U.S. 745 (1983) and *People v. Stultz*, 2 N.Y.3d 277 (2004)). ("The appellant has failed to establish that he was denied the effective assistance of appellate counsel."). The New York Court of Appeals denied Petitioner leave to appeal the denial of his writ of error *coram nobis* on July 17, 2015. *People v. Thompson*, 26 N.Y.3d 1011 (2015). The New York Court of Appeals then denied Petitioner's motion for reconsideration on October 23, 2015. *People v. Thompson*, 26 N.Y.3d 1011. This Court granted Petitioner leave to amend the Petition to include only the claims raised in his petition for writ of error *coram nobis*. *See Thompson v. Griffin*, 2018 WL 1598607, at *3 (E.D.N.Y. Mar. 30, 2018).

Petitioner filed an Amended Petition on June 7, 2018, which reasserted the same grounds for relief articulated in the Petition, but also included the following claims: Petitioner was denied effective assistance of counsel on appeal because: (a) appellate counsel failed to raise trial counsel's ineffectiveness for failing to investigate; (b) appellate counsel failed to raise Petitioner's N.Y. Criminal Procedure Law § 330 claim on appeal; (c) appellate counsel failed to raise a claim that trial counsel failed to object to hearsay; and (d) appellate counsel failed to raise a claim regarding trial counsel's failure to object to the prosecutor's summation remarks. *See generally,* Am. Pet.

## LEGAL STANDARDS

### I. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs the review of petitions challenging state convictions entered after 1996, federal courts may grant habeas relief only if the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision is "contrary to" federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). An "unreasonable application" is one in which "the state court identifie[d] the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applie[d] that principle to the facts of the prisoner's case." *Id.* at 413. A federal court may not grant relief "simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the state court's application must have been "objectively unreasonable." *Id.* at 409. Finally, "a determination of a factual issue made by a State court shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## II. Procedural Default

District courts cannot review a state prisoner's federal claims if they are barred from federal review by an independent and adequate state ground, "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). When a state court concludes that a claim is unpreserved for appellate review, this is "an independent and adequate state ground that bars a federal court from granting habeas relief." *Butler v. Cunningham*, 313 F. App'x 400, 401 (2d Cir. 2009) (citing *Coleman*, 501 U.S. at 750); *See also, Reid v. Senkowski*, 961 F.2d 374, 377 (2d Cir. 1992).

9

Therefore, if a state court's holding contains a statement that a claim is procedurally barred based on a state rule, the federal court may not review it, even if the state court also rejected the claim on the merits "in any event." *Fama v. Comm. of Corr. Servs.*, 235 F.3d 804, 810 n.4 (2d Cir. 2000); *See also, Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

If a claim has been procedurally defaulted in state court, a federal court may address its merits only if the petitioner demonstrates cause for the default and prejudice to the petitioner or that a fundamental miscarriage of justice will occur if the court does not review the claim. *See Murray v. Carrier*, 477 U.S. 478, 485, 492 (1986); *Wainright v. Sykes*, 433 U.S. 72, 87 (1977); *Bossett v. Walker*, 41 F. 3d 825, 829 (2d Cir. 1994). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488; *See also, Clark v. Perez*, 510 F.3d 382, 393 (2d Cir. 2008). To establish prejudice, the petitioner must show that the alleged violation "worked to his actual and substantial disadvantage, infecting the entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

### III. Exhaustion

Under 28 U.S.C. § 2254(b) and (c) a petitioner must exhaust his or her state court remedies before a federal court may grant habeas relief to a petitioner in state custody. *Galdamez v. Keane*, 394 F.3d 68, 72 (2d Cir. 2005). The exhaustion of state remedies requirement means that a petitioner must present his or her claim to the highest court of the state. *Harris v. Fischer*, 438 F.App'x 11, 13 (2d Cir. 2011) (citing *Galdamez*, 394 F. 3d at 73). A claim is properly exhausted when the state court has been "fairly apprised" of the factual and legal premises of the constitutional claim. *Id.* (citing *Grey v. Hoke*, 933 F.2d 117, 119 (2d Cir. 1991)).

## IV. Ineffective Assistance of Counsel

Under the Sixth Amendment, criminal defendants "shall enjoy the right . . . to have the Assistance of Counsel for [their] defense." U.S. Const. amend. VI. "[T]he right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). To prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that counsel's representation "fell below an objective standard of reasonableness" measured by "prevailing professional norms," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). A "reasonable probability" of a different result is a "probability sufficient to undermine confidence in the outcome." *Id*. To establish actual prejudice resulting from an appellate counsel's ineffective assistance, a petitioner must show that, but for counsel's unreasonable failures, petitioner would have prevailed on petitioner's appeal. *Smith v. Robbins*, 528 U.S. 259, 285-86 (2000).

"The burden of establishing both constitutionally deficient performance and prejudice is on the defendant." *U.S. v. Birkin*, 366 F.3d 95, 100 (2d Cir. 2004) (citing *Strickland*, 466 U.S. at 687). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland* , 466 U.S. at 690. Generally, "strategic choices made by counsel after a thorough investigation of the facts and law are 'virtually unchallengeable,' though strategic choices 'made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.'" *Thomas v. Kuhlman*, 255 F. Supp.2d 99, 107 (E.D.N.Y. 2003) (quoting *Strickland*, 466 U.S. at 690-91).

"Recognizing the 'tempt[ation] for a defendant to second-guess counsel's assistance after conviction or adverse sentence,' . . . counsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (alteration in original) (quoting *Strickland*, 466 U.S. at 689-90); *See also, Bierenbaum v. Graham*, 607 F.3d 36, 50–51 (2d Cir. 2010) (stating that the Strickland standard is "highly deferential" to eliminate the "distorting effects of hindsight"). The "highly deferential" Strickland standard is made "doubly so" on habeas review, as AEDPA requires deference to the state court's ruling. *Premo v. Moore*, 562 U.S. 115, 122 (2011) (internal quotation marks and citations omitted); *Accord, Santone v. Fischer*, 689 F.3d 138, 154 (2d Cir. 2012). On habeas review, "the question is not whether counsel's actions were reasonable . . . [but] whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). "Surmounting Strickland's high bar is never an easy task." *Id.* (citing *Padilla v. Kentucky*, 559 U.S. 356, 371, (2010)).

## DISCUSSION

**I.**   *Sandoval* **Claim**

Petitioner asserts that the trial court's ruling at the Sandoval Hearing violated his due process rights. *See* Attachs. to Pet. ("Pet. Attach.") at 14-22, Dkt. Entry No. 1-2. However, Petitioner's Sandoval claim is not cognizable on federal habeas review. "A *Sandoval* claim is only reviewable in a habeas corpus proceeding when the petitioner testifies at trial and is cross-examined about his prior bad acts or convictions." *Lopez v. Unger*, 2010 WL 3937190, at *4 (E.D.N.Y. Sept. 30, 2010); *Accord Ortiz v. Bradt*, 2013 WL 5775695, at *1 (E.D.N.Y. Oct. 25, 2013) ("Petitioner chose not to testify at trial. Because of that, this [*Sandoval*] claim is not subject to review on federal habeas corpus."). As the Supreme Court has explained, "to raise and preserve

for review the claim of improper impeachment with a prior conviction, a defendant must testify." *Luce v. United States*, 469 U.S. 38, 43 (1984); *See also, Grace v. Artuz*, 259 F. Supp.2d 163, 171-72 (E.D.N.Y. 2003) ("The reviewing court must know the precise nature of the defendant's testimony, which is unknowable when the defendant does not testify."). Petitioner did not testify at his trial, and thus, his *Sandoval* claim is not reviewable by this Court.

## II. Prosecutor's Summation, Jury Charge, Confrontation Clause, and Sufficiency of Evidence Claims

Petitioner seeks federal habeas relief on the grounds that: (1) the prosecutor's summation improperly shifted the burden of proof to Petitioner and vouched for the credibility of a witness, in violation of his due process rights; (2) the jury instructions, which contained the word "must," violated the due process clause; (3) he was denied the ability to confront the lab technician that conducted the tests of his blood sample when the supervising criminologist testified, in violation of the Sixth Amendment right to confront witnesses; and (4) the verdict was against the weight of the evidence and the evidence was insufficient as a matter of law. Pet. Attach. at 22-27, 30, 55-66, 73-75. Respondent asserts that these claims are procedurally defaulted, and, thus, barred from federal habeas review. Opp. to Pet. at 4-17.

The Appellate Division rejected Petitioner's summation, jury instruction, and Confrontation Clause claims as "unpreserved for appellate review," citing to New York's contemporaneous objection rule, codified at N.Y. Criminal Procedure Law § 470.05[2]. *See Thompson*, 99 A.D.3d at 819-20.[2] Under New York's contemporaneous objection rule, a party seeking to preserve a claim of error must lodge a protest to the objectionable ruling "at the time of such ruling . . . or at any subsequent time when the [trial] court had an opportunity of effectively

---

[2] The Appellate Division also rejected each of these arguments on their merits, in the alternative. *See Thompson*, 99A.D.3d at 819-20.

13

changing the same." N.Y. Crim. Proc. L. § 470.05[2]. New York courts interpret this rule to require, "at the very least, that any matter which a party wishes" to "preserve for appellate review be "brought to the attention of the trial court at a time and in a way that gave [the trial court] the opportunity to remedy the problem and thereby avert reversible error." *People v. Luperon*, 85 N.Y.2d 71, 78 (1995).

It is well settled that New York's contemporaneous objection rule serves as an independent and adequate bar to federal habeas review. *See Whitley v. Ercole*, 642 F.3d 278, 285-93 (2d Cir. 2011) (concluding that New York's contemporaneous objection rule operates as an independent and adequate state procedural bar to federal habeas review of a petitioner's claims); *See also, Kozlowki v. Hulihan*, 511 F. App'x 21, 25 (2d Cir. 2013) ("We have previously held that New York's contemporaneous objection rule is 'firmly established and regularly followed,' and, therefore, its application ordinarily constitutes an adequate state-law ground for barring federal habeas review.").

Upon careful review of the record, it is evident that trial counsel did not raise Petitioner's claims before the trial court. Thus, the Appellate Division properly applied the contemporaneous objection rule to reject his claims. *See, e.g.*, *Kelly v. Lee*, 2014 WL 4699952, at *6 (E.D.N.Y. Sept. 22, 2014) (explaining that a petitioner's claims were procedurally defaulted by proper application of the contemporaneous objection rule as trial counsel did not raise the defaulted claims during trial). That the Appellate Division rejected the claims on their merits, in the alternative, does not alter the Court's conclusion that they are procedurally defaulted. *See Galdamez*, 394 F.3d at 77 ("[W]here a state court explicitly says that a particular claims fails for a procedural reason, but still reaches the merits, that claim remains procedurally barred."); *Fama*, 235 F.3d at 810 n.4.

Accordingly, these claims are procedurally defaulted unless Petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice.

Petitioner has not argued any grounds for cause and prejudice or a fundamental miscarriage of justice. The Court finds no basis in the record to conclude that Petitioner could make the showing required to prevail on either ground. Under these circumstances, courts regularly conclude that such claims are procedurally barred from federal habeas review. *See Gaviria v. Lee*, 2014 WL 1653252, at *3 (Apr. 23, 2014) (concluding that petitioner's claims were barred from federal habeas review as the claims were procedurally defaulted and the record did not support a finding of either of the exceptions to procedural default); *McNab v. New York*, 2014 WL 1744114, at *7-8 (S.D.N.Y. Mar. 10, 2014) (holding that petitioner's claims were procedurally barred as the record did not support a finding of cause and prejudice or a fundamental miscarriage of justice and the claims were unpreserved for appellate review under the contemporaneous objection rule). Thus, Petitioner's summation, jury instruction, confrontation clause, and sufficiency of evidence claims are procedurally barred.

### III. Ineffective Assistance of Trial Counsel

The Appellate Division held that Petitioner's ineffective assistance of trial counsel claim "is based, in part, on matter appearing on the record, and, in part, on matter outside the record, and thus constitutes a 'mixed claim' of ineffective assistance." *Thompson*, 99 A.D.3d at 820 (internal quotation marks and citations omitted). Noting that, "[h]ere, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel," the Appellate Division held that, "[s]ince the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety." *Id.* (citations omitted). Petitioner then filed a

petition for writ of error *coram nobis* pursuant to N.Y. Criminal Procedure Law § 440.10 ("*Coram Nobis* Petition"), but did not raise claims alleging ineffective assistance of his trial counsel. (*See* Pet. for Writ of Error *Coram Nobis* ("*Coram Nobis* Pet.*"*), Dkt. Entry No. 52). Because the state court was not "fairly apprised" of the factual and legal premises of Petitioner's claim, Petitioner has failed to exhaust his ineffective assistance of trial counsel claims. *See Harris,* 438 F. App'x at 13 (citing *Galdamez,* 394 F.3d at 73). Accordingly, Petitioner's claim of ineffective assistance of trial counsel claim is denied pursuant to 28 U.S.C. § 2254(b) and (c).

## IV. Ineffective Assistance of Appellate Counsel

This Court granted Petitioner leave to amend his Petition to include only those claims brought in his *coram nobis* Petition. *See, Thompson* 2018 WL 1598607, at *3. The Amended Petition, however, contains one claim not raised in the *coram nobis* Petition. The Amended Petition claims that Petitioner's appellate counsel was ineffective for her failure to raise a claim pursuant to N.Y. Crim. Proc. Law § 330 in Petitioner's appeal. Am. Pet. at 17. Because Petitioner has failed to exhaust this claim, it must be dismissed. *See Harris,* 438 F. App'x at 13 (citing *Galdamez,* 394 F.3d at 73).

Petitioner's remaining claims of ineffective assistance of trial counsel were included in the *Coram Nobis* Petition.[3] (*See generally, Coram Nobis* Pet.). The Appellate Division held that Petitioner failed to establish denial of the effective assistance of appellate counsel. *Thompson*, 125 A.D.3d 1013 (citing *Jones*, 463 U.S. 745 and *Stultz*, 2 N.Y.3d 277). In its decision, the Appellate Division adjudicated Petitioner's ineffective assistance of appellate counsel claims on the merits, citing to *People v. Stultz*, a New York Court of Appeals case applying the New York standard for ineffective assistance claims first announced in *People v. Baldi*, 54 N.Y.2d 137 (1981). *Id.* Under

---

[3] The *coram nobis* Petition includes a speedy trial claim that was not included in the Amended Petition and thus will not be considered by this Court.

*Stultz*, if appellate counsel provided "meaningful representation," appellate counsel has met the standard for effective assistance. *Stultz*, 2 N.Y.3d at 281-83. Under Stultz, "a defendant's showing of prejudice [is] a significant but not indispensable element in assessing meaningful representation." *Id.* at 283-84. The New York Court of Appeals denied Petitioner leave to appeal the Appellate Division's decision. *Thompson*, 25 N.Y.3d 1208.

AEDPA deference applies to the Appellate Division's decision. *See Gersten v. Senkowski*, 426 F.3d 588, 606 (2d Cir. 2005) (holding that the state court decided the petitioner's ineffective assistance of counsel claim on the merits where the court determined that the defendant received meaningful representation); *See also, Eze v. Senkowski*, 321 F.3d 110, 123-24 (2d Cir. 2003); *Lolisco v. Goord*, 263 F.3d 178, 193 (2d Cir. 2001). The Second Circuit has held that New York's "meaningful representation" test is not contrary to the *Strickland* test for purposes of 28 U.S.C. § 2254(d)(1). *See United States v. Santiago,* 268 F.3d 151, 154 (2d Cir.2001)*, cert. denied,* 535 U.S. 1070 (2002); *Lainfiesta v. Artuz*, 253 F.3d 151 (2d Cir. 2001); *Loliscio*, 263 F.3d at 178.

As Petitioner cannot prevail under AEDPA's "contrary to" clause, the Court now turns to whether the Appellate Division decision "involved and unreasonable application . . . of clearly established Federal law," as determined by the Supreme Court in *Strickland*. 28 U.S.C. § 2254(d)(1); *see Williams*, 529 U.S. at 390 (stating that federal habeas petitions alleging ineffective assistance are governed by *Strickland*). To prevail on his ineffective assistance of counsel claims, Petitioner must establish that the Appellate Division's decision was "an unreasonable application of clearly established federal law." *See Tavarez v. Larkin*, 814 F.3d 644, 648–49 (2d Cir. 2016); *See also, Kernan v. Hinojosa*, --- U.S. ---, 136 S.Ct. 1603, 1606 (holding that the Ninth Circuit should have viewed the decision of the Supreme Court of California "through

AEDPA's deferential lens" where the Supreme Court of California was found to have adjudicated the case on the merits).

>    A.  **Appellate Counsel was not Ineffective for Failing to Raise Trial Counsel's Ineffectiveness for Failing to Investigate**

Petitioner contends that his appellate counsel was ineffective for failing to raise claims alleging that Petitioner's trial counsel was ineffective for failing to investigate alleged fraudulent information contained in a prosecution motion to obtain a DNA sample from Petitioner. Am. Pet. at 17. Specifically, Petitioner argues that his trial counsel was ineffective for failing to investigate the prosecutor's allegedly fraudulent reference to a jacket included in its motion to compel a DNA sample from Petitioner. In his first § 440.10 motion to vacate, Petitioner claimed that the prosecution failed to disclose the jacket as *Brady* and *Rosario* material. (*See* 8/9/11 § 440 Mot.). The New York Supreme Court, Queens County denied Petitioner's § 440 motion, holding that his *Brady* and *Rosario* claims were without merit because the reference to the jacket was in error and that the jacket did not exist. *See People v. Thompson*, Indict. No. 347-07 (Queens Co. Crim. Term Nov. 16, 2011). The New York Supreme Court, Queens County further stated that evidence regarding a jacket would not exculpate Petitioner because there was no evidence of a jacket. *Id.* Because the reference to a jacket was in error, not fraudulent, trial counsel's decision not to investigate the jacket did not fall "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 694. The Appellate Division's decision that appellate counsel was not ineffective for failing to raise a claim regarding trial counsel's failure to investigate the jacket was not an unreasonable application of *Strickland*.

### B. Appellate Counsel was not Ineffective for Failing to Object to the Introduction of Purported Hearsay Testimonies of Expert Witnesses

Petitioner claims that his appellate counsel was ineffective for failing to raise claims that Petitioner's trial counsel was ineffective for failing to object to the purported hearsay testimony of an expert witness regarding DNA evidence introduced at trial. Am. Pet. at 17. However, in his *pro se* supplemental appellate brief, Petitioner raised the underlying claim that improper hearsay evidence had been admitted into evidence through the prosecution's expert witness. (*See* Pet'r's Pro Se App. Br. at 32-37). The Appellate Division held that the underlying claim was without merit. *Thompson*, 99 A.D.3d at 820. Appellate counsel was not objectively unreasonable for failing to raise a claim that trial counsel was ineffective for failing to raise the meritless claim. Accordingly, the Appellate Division's decision on Petitioner's claim of ineffective assistance of appellant counsel was not an unreasonable application of *Strickland.*

### C. Appellate Counsel was not Ineffective for Failing to Object to the Prosecutor's Summation Statements

Finally, Petitioner contends that his appellate counsel was ineffective for failing to raise claims alleging that Petitioner's trial counsel was ineffective for failing to object to the prosecution's summation statements regarding Petitioner's refusal to provide a court ordered DNA sample. Am. Pet. at 17. Specifically, Petitioner claims that the prosecutor's summation comments shifted the burden of proof to defendant improperly and that his trial counsel was ineffective for failing to object to that error. Although Petitioner's appellate counsel did not raise an ineffective assistance of counsel claim in Petitioner's appeal, appellate counsel did raise the underlying claim regarding the summation error on appeal. (Pet'r's App. Br. at 20-25). The Appellate Division considered this claim and held that "this error was harmless, as the evidence of [Petitioner]'s guilt was overwhelming and there was no reasonable possibility that these comments might have

19

contributed to the [Petitioner]'s conviction." *Thompson*, 99 A.D.3d at 819 (citations omitted). Petitioner's appellate counsel's decision not to bring an ineffective assistance of counsel claim relating to trial counsel's failure to object did not fall "below an objective standard of reasonableness," *Strickland*, 466 U.S. at 694, as the Appellate Division held that the underlying errors did not contribute to Petitioner's conviction. Thus, the Appellate Division's denial of Petitioner's claim of ineffective assistance of appellate counsel claim was not an unreasonable application of *Strickland*.

## CONCLUSION

For the reasons set forth above, the Petition made pursuant to 28 U.S.C. § 2254 is dismissed in its entirety. Petitioner is denied a certificate of appealability as he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, in forma pauperis status is denied for purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
   March 25, 2019

                 /s/
              DORA L. IRIZARRY
                Chief Judge