UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
DERRICK THOMPSON,                          :
                                           :
                          Plaintiff,       :          **SUMMARY ORDER**
                                           :          **Civil Dockt. No. 14-cv-1641 (DLI)**
            -against-                       :
                                           :
PATRICK GRIFFIN, Superintendent,           :
                                           :
                          Defendant.       :
---------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On June 16, 2025, habeas corpus petitioner Derrick Thompson ("Petitioner") filed a motion

for reconsideration of this Court's denial of his petition for a writ of habeas corpus (the "Motion")

pursuant to Federal Rule of Civil Procedure 60(b)(6). *See*, Mot., Dkt. Entry No. 64. Patrick Griffin

("Respondent") opposed the motion. *See*, Opp'n, Dkt. Entry No. 67. Petitioner replied. See,

Reply, Dkt. Entry No. 69. For the reasons set forth below, the motion is denied as is the issuance

of a certificate of appealability.

                                    **BACKGROUND**

On March 11, 2014, Petitioner moved for a writ of habeas corpus pursuant to 28 U.S.C. §

2254. *See*, Pet., Dkt. Entry No. 1. The procedural background of Petitioner's state conviction and

post-conviction litigation is set forth in great detail in the Court's previous opinion denying

Petitioner's writ request. *See*, Mem. & Order, Dkt. Entry No. 58 at 1–8. In sum, Petitioner was

convicted, after a jury trial, of burglary in the second degree and larceny in the third degree in

New York state Supreme Court, Queens County, after which he engaged in numerous, ultimately

unsuccessful, post-conviction appeals. *Id*. Following his post-conviction appeals, Petitioner

moved for a writ of habeas corpus in this Court on several grounds, including, among others,

ineffective assistance of counsel, violation of due process, and violation of his Sixth Amendment right to confront witnesses.  *Id.*  Petitioner's writ was denied in its entirety.  *Id.*

Following the denial of Petitioner's writ, the Second Circuit denied his application for a certificate of appealability.  *See*, Mandate, Dkt. Entry No. 62.  Petitioner then requested that the Second Circuit grant him leave to file a second successive habeas petition, arguing that the Supreme Court issued a new rule of law in *Smith v. Arizona*, 602 U.S. 779 (2024).  The Second Circuit denied Petitioner's request, noting that the Supreme Court did not issue a new rule of law in *Smith* that was proclaimed to be retroactive.  *See*, Mandate, Dkt. Entry No. 63.  Petitioner subsequently filed the instant motion for reconsideration of this Court's ruling on his original habeas petition.  *See*, Mot.  Petitioner's Motion largely mirrors his argument before the Second Circuit for leave to file a second habeas petition, contending that the Supreme Court's holding in *Smith* constitutes an "intervening change" in the law necessitating the Court to revisit its judgment pursuant to Rule 60(b)(6).  *See*, Mot.

**<u>DISCUSSION</u>**

Federal Rule of Civil Procedure 60(b) provides relief from "a final judgment, order, or proceeding."  Fed. R. Civ. P. 60(b).  Subdivision (b)(6) is a catchall that allows relief for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  However, that subdivision is available only in "extraordinary circumstances."  *See, Buck v. Davis*, 580 U.S. 100, 123 (2017).  Rule 60(b) applies in habeas corpus cases and may be used to reopen a habeas proceeding.  *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005).  However, "a Rule 60(b) motion has a different objective than a habeas petition."  *Silva v. Keyser*, 2025 WL 3237889, at *5 (S.D.N.Y. Nov. 20, 2025) (internal citation and quotation marks omitted).  A Rule 60(b) motion challenges "the integrity of the federal habeas proceedings."  *Gonzalez*, 545 U.S. at 532.  "Typical grounds for a Rule 60(b) motion attacking a district court's denial of a habeas petition include that the 'court erroneously avoided

deciding the merits of a claim for reasons such as failure to exhaust, procedural default, or statute-of-limitations bar.'" *Silva*, 2025 WL 3237889, at \*5 (quoting *Robles v. Lemke*, 2018 WL 1320657, at \*4 (E.D.N.Y. Mar. 14, 2018)).  By contrast, "a motion that attacks the underlying conviction" properly is characterized as a second or successive habeas petition.  *Harris v. United States*, 367 F.3d 74, 82 (2d Cir. 2004).  For example, a motion "contend[ing] that a subsequent change in substantive law is a reason justifying relief" under Rule 60(b)(6) "is in substance a successive habeas petition and should be treated accordingly."  *Gonzalez*, 545 U.S. at 531.

"Under the Antiterrorism and Effective Death Penalty Act ('AEDPA'), successive federal habeas petitions requesting relief from a conviction in state court must satisfy strict requirements before a district court can adjudicate them on the merits."  *Hamilton v. Lee*, 188 F. Supp.3d 221, 239 (E.D.N.Y. 2016) (citing 28 U.S.C. § 2244(b)).  "Specifically, before a district court may even entertain a successive habeas petition, the Second Circuit must certify that the petition (1) does not raise a 'claim that has already been adjudicated in a previous petition' and (2) . . . 'relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence.'"  *Robles*, 2018 WL 1320657, at \*4 (quoting *Gonzalez*, 545 U.S. at 529-30).  "Absent authorization from the Court of Appeals, district courts lack jurisdiction to consider the merits of a successive habeas petition."  *Silva*, 2025 WL 3237889, at \*6 (internal citation omitted).

When confronted with a successive habeas petition styled as a Rule 60(b) motion, a district court has two options.  First, it "may treat the Rule 60(b) motion as a second or successive habeas petition, in which case it should be transferred to the Court of Appeals for possible certification."  *Harris*, 367 F.3d at 82.  Second, the district court "may simply deny the portion of the motion attacking the underlying conviction as beyond the scope of Rule 60(b)."  *Id*.  "In deciding between these two options," the Court of Appeals has "cautioned district courts to be careful not to" transfer a Rule 60(b) motion that is characterized properly as a successive collateral attack to the Court of

Appeals "until the prisoner has been informed of the district court's intent to transfer and afforded a sufficient opportunity to avoid the transfer by withdrawing . . . the portion of his 60(b) motion that . . . presents new challenges to the underlying conviction." *Id*. "[P]remature treatment of the converted portion of the 60(b) motion as a second collateral attack risks subjecting the prisoner not only to summary denial of that challenge but also to summary denial of any subsequent (*i.e.*, third) challenge as an abuse of the writ." *Gitten v. United States*, 311 F.3d 529, 533 (2d Cir. 2002).

Petitioner's 60(b)(6) motion clearly attacks the underlying conviction and is characterized properly as a successive habeas petition. Petitioner argues, as he did before the Second Circuit, that the Supreme Court's holding in *Smith* changed the law regarding the Sixth Amendment's Confrontation Clause. Mot. 11. He further contends that his state trial was tainted because he had the right to cross-examine the absent DNA analyst under *Smith*. *Id*. at 12. At no point does he contend that the Court erred in denying his habeas petition by failing to decide the petition on the merits. *Id*. In fact, this Court considered and rejected his Confrontation Clause argument in its order denying the habeas petition. Mem. & Order at 14–15.

Most importantly, the Second Circuit rejected Petitioner's *Smith* argument when he moved for leave to file a successive habeas petition. *See*, Dkt. Entry No. 63. The Circuit held that Petitioner failed to show his claim relies on a new rule of federal constitutional law pronounced by the Supreme Court to apply retroactively to cases on collateral review and which new rule previously was unavailable because *Smith* applied the Supreme Court's prior holding in *Crawford v. Washington*, 541 U.S. 36 (2004). *Id*. Thus, *Smith* did not establish a new rule, nor did *Smith* announce any rule that would be applied retroactively. Moreover, this Court is constrained to adhere to the ruling of the Second Circuit on this issue.

Because Petitioner's Rule 60(b) motion properly is construed as a successive habeas, and the Second Circuit rejected the identical *Smith* argument in denying Petitioner's request for leave

4

to file a second successive habeas petition, which decision is binding on this Court, it would be futile and a waste of scarce judicial time and resources to transfer this motion to the Court of Appeals. Accordingly, Petitioner's Motion is denied as beyond Rule 60(b)'s scope. *See*, *Silva*, 2025 WL 3237889, at *9.

## CONCLUSION

For the reasons set forth above, Petitioner's Rule 60(b) motion is denied in its entirety. Petitioner is denied a certificate of appealability as he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, in forma pauperis status is denied for purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      May 5, 2026

/s/
DORA L. IRIZARRY
United States District Judge

5